UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK and THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, <br><br> Plaintiffs, <br><br> v. <br><br> YING DONG, EASTERN SOURCES, INC., RJS 59 LLC, 135 ROUTE 59 REALTORS LLC, 131 ROUTE 59 REALTORS LLC, JOSEPH FUCHS, and BELGIUM BLOCK HOLDINGS, LLC., <br><br> Defendants. | **7:25-cv-05645-PMH** <br><br> <u>**CONSENT DECREE**</u> |

Plaintiffs State of New York and the New York State Department of

Environmental Conservation ("DEC") (State of New York and DEC collectively, the

"State"), agree as follows with defendants Ying Dong, Joseph Fuchs, 135 Route 59

Realtors LLC, and 131 Route 59 Realtors LLC (collectively, "Settling Defendants"):

**WHEREAS**, on July 9, 2025, the State commenced this action pursuant to

the Comprehensive Environmental Response, Compensation, and Liability Act

("CERCLA") seeking to recover response costs that have been incurred by the

State in responding to the release of hazardous substances at the property located

at 135 Route 59 East, Spring Valley, Rockland County, New York (Rockland

County Tax Map District 57, Section 56, Block 2, Lot 12) (the "Site");

**WHEREAS**, on July 31, 2025, the State filed its First Amended Complaint;

**WHEREAS**, the State alleged in the First Amended Complaint that

Settling Defendants are liable as "owners or operators" of the Site within the

meaning of 42 U.S.C. §§ 9607(a) and 9601(21) and are therefore liable for all response costs incurred by the State in responding to releases of hazardous substances at and from the Site, pursuant to 42 U.S.C. §§ 9607(a), 9601(23), 9601(24), and 9613(g)(2);

**WHEREAS**, the State alleged in its First Amended Complaint that it has incurred $59,675.00 in response costs remediating the Site that are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (40 C.F.R. Part 300);

**WHEREAS**, on October 31, 2025, Defendant Ying Dong answered the First Amended Complaint denying the allegations contained therein and asserted a Crossclaim against all other defendants;

**WHEREAS**, during the pendency of this case, and without any admission of liability, the State and Settling Defendants engaged in settlement discussions regarding reimbursement of the State for its response costs;

**WHEREAS**, the State and Settling Defendants (each a "party" and together, the "parties") desire to enter into this Consent Decree ("Decree") in order to fully and finally resolve all claims that have been and could now or hereafter be asserted by the parties with respect to the matters addressed, as defined below, without the necessity or further expense of prolonged and complex litigation, and without admission of liability, adjudication, or determination of any issue of fact or law; and

**WHEREAS**, the State has determined that settlement of its claims against

Settling Defendants in accordance with the terms set forth below is practicable and in the best interest of the public;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:**

<u>**PURPOSE AND SCOPE OF THIS DECREE**</u>

1.    The purpose of this Decree is to resolve claims set forth in the State's First Amended Complaint and any other claims which could have been made by the State against Settling Defendants with regard to the matters addressed, defined in paragraph 2 below; to release Settling Defendants from liability for the matters addressed; and to provide full and complete contribution protection to Settling Defendants with regard to the matters addressed pursuant to CERCLA § 113(f)(2) and 42 U.S.C. § 9613(f)(2).

2.    "Matters addressed," as that term is used in this Decree, is defined to include claims that were, or could now or hereafter be, asserted by the State against Settling Defendants arising out of or in connection with the disposal, release, and/or threat of release of hazardous substances at and/or from the Site, as described in the State's First Amended Complaint, including all other claims or causes of action under CERCLA and any other federal, state, local, or common law arising out of or in connection with the disposal, release, and/or threat of release of hazardous substances at and/or from the Site, as described in the State's First Amended Complaint.

## JURISDICTION

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).  Settling Defendants hereby waive all objections and defenses they may have to the jurisdiction of the Court or to venue in this District.  The Court shall have continuing jurisdiction to enforce the terms of this Decree and to resolve any disputes that may arise hereunder.

## PARTIES BOUND

4.      This Decree shall apply to, and be binding upon, the State, including its departments, agencies, and instrumentalities, and shall apply to and be binding upon Settling Defendants and their respective heirs, agents, successors, representatives, insurers, and assigns.  Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Decree and to bind the party on whose behalf he or she signs.  Any change in the ownership or corporate status of the Settling Defendants, including any transfer of assets or real or personal property, shall in no way alter their responsibilities under this Decree.

## DEFINITIONS

5.      Unless otherwise expressly defined herein, terms used in this Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.

## DISCLAIMER OF ADMISSIONS AND DENIALS

6. Nothing in this Decree shall constitute, or be construed as, an admission or adjudication of liability on any issue of law or fact.

7. Nothing in this Decree shall constitute evidence that costs are divisible or can be apportioned among the Settling Defendants.

8. Settling Defendants are entering into this Decree as a compromise of disputed claims and in doing so do not admit any liability, wrongdoing, or fault under any of the claims alleged against them in the First Amended Complaint.

## PAYMENT OF STATE RESPONSE COSTS AND NATURAL RESOURCE DAMAGES

9. Settling Defendants shall pay to the State the total amount of $59,675.00, representing the costs incurred by the State in its remediation of the Site, and for which Settling Defendants are jointly and severally liable. The Settling Defendants shall pay this amount as follows:

   a. Settling Defendant Ying Dong shall make a payment of $10,000 due within thirty-five (35) days of the effective date of the Decree.

   b. Settling Defendants Joseph Fuchs, 135 Route 59 Realtors LLC, and 131 Route 59 Realtors LLC shall pay $49,675.00 as follows: (1) a payment of $16,558.34, due within thirty-five (35) days of the effective date of the Decree; (2) a payment of $16,558.33, due on or before nine (9) months from the effective date of the Decree; and (3) a payment of $16,558.33, due on or before eighteen (18) months from the effective date of the Decree.

10. All payments required by this Decree shall be made by electronic funds transfer to the New York State Office of the Attorney General in accordance with instructions from the State, or by certified check, payable to New York State Department of Environmental Conservation and sent to Jennifer C. Simon, Assistant Attorney General, New York State Office of the Attorney General, Environmental Protection Bureau, 28 Liberty Street, 19th Floor, New York, New York 10005.

11. Within five (5) days of the effective date of this Decree, the State shall provide Settling Defendants with wiring instructions for payments under this Decree. Settling Defendants shall make all payment amounts set forth in Paragraph 9 in accordance with the wiring instructions provided if payment is made by electronic funds transfer.

12. At the time each payment is remitted, Settling Defendants shall provide written or electronic notice of the remittance in accordance with Paragraph 23 below. Settling Defendants shall include their taxpayer identification number on such remittance because the State is required to report that information to the IRS.

13. Failure to make the payments required in Paragraph 9 in the time period specified therein shall constitute a default under this Decree by Settling Defendants. In the event of such default, the State shall send written notice of the default to Settling Defendants. Such notice shall be sent via certified mail to Settling Defendants at the addresses noted below in Paragraph 23. Settling Defendants shall have thirty (30) days from the date of mailing of such notice to

cure the default by payment of the amount originally due.  If Settling Defendants fail to cure the default within that thirty (30) day period, the State shall be entitled, but not required, to demand the following: (1) interest of 9% per annum on the amount in default running from the original date of default; and (2) civil penalties in the amount of $100/day running from the original date of default.  Settling Defendants shall pay attorneys' fees and costs incurred by the State to enforce these provisions.

14.     The payment terms under this Decree represent a fair and reasonable contribution by Settling Defendants toward the total response costs that have been incurred with respect to releases of hazardous substances at and/or from the Site and natural resource damages at the Site.  The parties agree, and this Court by entering this Decree finds, that this Decree has been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Decree is fair, reasonable, and in the public interest.

**COVENANTS NOT TO SUE**

15.     **Covenant Not to Sue Settling Defendants.**  For so long as Settling Defendants comply with all terms of this Decree, and subject to the reopener in Paragraph 22 of this Decree, the State releases and covenants not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law (other than enforcement of this Decree) against Settling Defendants or their respective heirs, agents, successors, representatives, insurers, and assigns for any matter arising out of or relating to the matters addressed in

7

this Decree including, without limitation, any claims or causes of action for costs, damages, enforcement costs, interest, indemnification, contribution, or attorneys' fees.

16.     **Covenant Not to Sue by The Settling Defendants**.  For so long as the State complies with the covenant not to sue set forth in Paragraph 15, Settling Defendants release and covenant not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law against the State, or its employees, departments, agencies, or instrumentalities, or to seek against the State any costs, damages, contribution, or attorneys' fees arising out of or relating to any of the matters addressed as defined in Paragraph 2 in this Decree; provided, however, that if the State, pursuant to the reopener, asserts a claim or commences or continues a cause of action against Settling Defendants with respect to the Site, other than to enforce the obligations contained in this Decree, this paragraph shall not preclude the assertion by Settling Defendants of any claims, counterclaims, defenses, or other causes of action against the State. Notwithstanding the foregoing, Settling Defendants may assert any claims or causes of action against any person other than the State, to the extent permitted by law, for any costs, damages, contribution, or attorneys' fees arising out of any of the matters addressed as defined in Paragraph 2 in this Decree.

## CONTRIBUTION PROTECTION

17.     In consideration of Settling Defendants' compliance with this Decree, the parties agree that Settling Defendants are entitled, as of the effective date of

this Decree, to the full extent of protection from contribution actions or claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of the Settling Defendants to persons not party to this Decree for the matters addressed.  As provided under CERCLA § 113(f), 42 U.S.C. § 9613(f) and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, Settling Defendants shall be deemed to have resolved their liability to the State under applicable law including, without limitation, CERCLA, the New York State Environmental Conservation Law, and common law, for purposes of contribution protection and with respect to the matters addressed pursuant to and in accordance with this Decree.

18.    Any rights Settling Defendants may have to obtain contribution or otherwise recover costs or damages from persons not party to this Decree are preserved.  In addition, all claims and defenses of Settling Defendants with respect to all persons other than the State are expressly reserved.

## DISMISSAL OF THE STATE'S CLAIMS
## AND RETENTION OF JURISDICTION

19.    All claims asserted by the State in its First Amended Complaint against Settling Defendants are hereby dismissed with prejudice.

20.    For purposes of entry and enforcement of this Decree, the parties to this Decree agree that the Court has jurisdiction in this matter and shall retain jurisdiction until Settling Defendants have fulfilled their obligations hereunder.

## EFFECT OF LIABILITY ON OTHER PARTIES

21.     Nothing in this Decree is intended as a release of, or covenant not to sue with respect to, any person or entity other than Settling Defendants or their respective heirs, agents, successors, representatives, insurers, and assigns, and the State expressly reserves its rights to assert in a judicial or administrative forum any claim or cause of action, past or future, in law or in equity, that the State may have against any other person, firm, corporation, or other entity.

## REOPENER

22.     Notwithstanding any other provision of this Decree and any release, discharge, or covenant not to sue that Settling Defendants may receive from the State, the State reserves, and this Decree is without prejudice to, the right of the State to institute proceedings seeking to compel Settling Defendants: (a) to perform further response actions relating to the Site, or (b) to reimburse the State for additional costs of response actions relating to the Site, but in either case only if:

(i)  conditions at the Site, previously unknown to the State, are discovered after the effective date of this Decree; or

(ii) material information, in whole or in part previously unknown to the State, is received after the effective date of this Decree;

and these previously unknown conditions or information together with any other relevant information demonstrate that the response actions selected for the Site were not protective of human health or the environment.

## NOTIFICATIONS

23.    Any notification to the State and the Settling Defendants shall be in writing or by electronic mail and shall be deemed properly given if sent to the following:

**As to the State of New York**

>Jennifer C. Simon
>Assistant Attorney General
>New York State Office of the Attorney General
>Environmental Protection Bureau
>28 Liberty Street, 19th Floor
>New York, New York 10005
>Jennifer.Simon@ag.ny.gov

>**and**

>Deborah Gorman
>Brenna Sharp
>Office of General Counsel
>New York State Department of Environmental Conservation
>625 Broadway, 14th Floor
>Albany, New York 12233-1500
>Deborah.Gorman@dec.ny.gov
>Brenna.Sharp@dec.ny.gov

**As to Defendant Ying Dong**

>Ying Dong
>13 Parkside Ct
>Pomona, NY 10970

**As to the Fuchs Defendants**

>Joseph Fuchs
>10 Highview Rd
>Monsey, New York 10952
>(845) 587-6010
>131route59realtorsllc@gmail.com

>**and**

11

135 Route 59 Realtors LLC
13 Maple Leaf Rd, Suite 211
Monsey, New York 10952

**and**

131 Route 59 Realtors LLC
13 Maple Leaf Rd, Suite 211
Monsey, New York 10952

24.    Notification solely of the payment of costs made pursuant to Paragraphs 9 and 10 above also shall be sent via electronic mail by Settling Defendants to:

Susan Van Patten
Cost Recovery Section, Bureau of Program Management
Division of Environmental Remediation
New York State Department of Environmental Conservation
625 Broadway, 12th Floor
Albany, New York 12233
(518) 402-9764
susan.vanpatten@dec.ny.gov

## COMPLETE AGREEMENT/SIGNING

25.    This Decree constitutes the complete agreement of the parties. This Decree may not be amended, modified, supplemented, or otherwise changed without approval of this Court and the written consent of both the State and Settling Defendants.  This Decree may be signed in counterparts.

## EFFECTIVE DATE

26.    This Decree shall become effective when it is entered by the Court. All times for performance of activities under this Decree shall be calculated from that date.

12

## OTHER

27.    The parties may execute this Decree in counterparts. Copies of

signatures, including copies transmitted electronically, shall be treated as originals.

Dated:    New York, New York
          March 24, 2026


LETITIA JAMES
New York State Attorney General
*Attorney for Plaintiffs*

By: _____

JENNIFER C. SIMON
Assistant Attorney General
Environmental Protection Bureau
Office of the New York State Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8086
Jennifer.Simon@ag.ny.gov


Hodges, Walsh & Burke, LLP
*Attorneys for Defendant*
*Ying Dong*

By: _____

Michael K. Burke, Esq.
55 Church St., Suite 211
White Plains, New York 10601
(914) 385-6030
mburke@hwb-lawfirm.com

_____

Joseph Fuchs
*Individually, and on behalf of*
*Defendant 135 Route 59 Realtors*
*LLC, and Defendant 131 Route 59*
*Realtors LLC*

10 Highview Rd
Monsey, New York 10952
(845) 587-6010
131route59realtorsllc@gmail.com


SO ORDERED:

_____
Honorable Philip M. Halpern
United States District Judge
Southern District of New York

14

Dated:    New York, New York
          March 24, 2026


LETITIA JAMES
New York State Attorney General
*Attorney for Plaintiffs*

By: _____

JENNIFER C. SIMON
Assistant Attorney General
Environmental Protection Bureau
Office of the New York State Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8086
Jennifer.Simon@ag.ny.gov


Hodges, Walsh & Burke, LLP
*Attorneys for Defendant*
*Ying Dong*

By: _____

Michael K. Burke, Esq.
55 Church St., Suite 211
White Plains, New York 10601
(914) 385-6030
mburke@hwb-lawfirm.com

Joseph Fuchs
*Individually, and on behalf of*
*Defendant 135 Route 59 Realtors*
*LLC, and Defendant 131 Route 59*
*Realtors LLC*

10 Highview Rd
Monsey, New York 10952
(845) 587-6010
131route59realtorsllc@gmail.com


SO ORDERED:

_____

Honorable Philip M. Halpern
United States District Judge
Southern District of New York

Dated: White Plains, New York
        March 26, 2026


14